IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

SHANE R. OSGOOD,

          Plaintiff,

v.                                      CIVIL ACTION NO. 5:12-cv-00582

BB&T FINANCIAL, FSB,

          Defendant.

**MEMORANDUM OPINION & ORDER**

Pending before the court is the plaintiff's Motion to Remand [Docket 4]. For the reasons discussed below, this motion is **GRANTED**.

The plaintiff, Shane Osgood, filed his complaint in state court on December 27, 2011, and BB&T Financial, FSB was served on January 25, 2012. The defendant filed its Notice of Removal on February 24, 2012. According to the complaint, the plaintiff had an account with Capital One Bank, Inc. that is serviced by the defendant. Osgood alleges that the defendant violated the West Virginia Consumer Credit and Protection Act ("WVCCPA") by calling and emailing him after he notified the defendant that he was represented by counsel and requested that the defendant cease collection calls. The defendant's actions, according to the plaintiff, constitute intentional infliction of emotional distress. In addition, the plaintiff alleges that the defendant was negligent in the supervision and training of its personnel. Accordingly, the plaintiff demands injunctive relief, actual damages, statutory damages pursuant to the WVCCPA, and costs and attorney's fees.

1

### I. Legal Standard

An action may be removed from state court to federal court if it is one over which the district court would have original jurisdiction. 28 U.S.C. § 1441(b). The burden of establishing federal jurisdiction is placed on the party seeking removal. *Mulcahey v. Columbia Organic Chems. Co., Inc.*, 29 F.3d 148, 151 (4th Cir. 1994). Removal jurisdiction raises significant federalism concerns and therefore must be strictly construed. *Id.* If federal jurisdiction is doubtful, remand is necessary. *Id.* Removal in the instant case is premised on 28 U.S.C. § 1332(a), which states: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between - - (1) citizens of different States." 28 U.S.C. § 1332(a).

### II. Analysis

In this case, diversity of citizenship is not in dispute. The plaintiff is a citizen of West Virginia and BB&T is organized under the laws of the United States with its principal place of business in Georgia. Rather, the plaintiff claims that the defendant has not met its burden of proving the amount in controversy. Specifically, the plaintiff attached to its motion to remand a stipulation that reads: "Plaintiff hereby irrevocably stipulates that he is not seeking and will not accept any recovery in excess of the sum of $75,000.00 exclusive of interest and costs." (Stipulation [Docket 4-1], at 1.) The stipulation is signed by the plaintiff and plaintiff's counsel. It is dated January 13, 2012, which is after the complaint was filed but before it was removed to this court. In response, the defendant states that it did not receive the plaintiff's stipulation prior to filing its Notice of Removal. Having received the stipulation, the defendant does not oppose the plaintiff's motion to remand.

Although the parties have now agreed that remand to state court is appropriate, I "cannot remand a case simply because the parties have come to an understanding after removal." *Jones v. Capital One Bank (U.S.A.), N.A.*, No. 6:09-cv-00994, 2009 WL 3335350, at *2 (S.D. W. Va. Oct. 15, 2009) (quoting *Blake v. Ace Am. Ins. Co.*, No. 2:07-cv-00620, 2008 WL 687449, at *3 (S.D. W. Va. Mar. 11, 2008)). In some cases, a stipulation by the plaintiff is dispositive of the amount in controversy. A stipulation has such an effect when it is "a formal, truly binding, pre-removal stipulation signed by counsel and his client explicitly limiting recovery." *McCoy v. Erie Ins. Co.*, 147 F. Supp. 2d 481, 485 (S.D. W. Va. 2001). In addition, "The stipulation should be filed contemporaneously with the complaint, which also should contain the sum-certain prayer for relief." *Id.* at 486. Courts in this district have interpreted the "formal" requirement to mean that the stipulation must be signed and notarized. *Shumate v. Dyncorp Int'l LLC*, No. 5:11-cv-00980, 2012 WL 830241, at *3 (S.D. W. Va. Mar. 9, 2012); *Hatcher v. Vanderbilt Mortg. & Fin., Inc.*, No. 2:10-cv-0677, 2010 WL 2330392, at *2 (S.D. W. Va. June 7, 2010); *Hamilton, Burgess, Young & Pollard, PLLC v. Markel Am. Ins. Co.*, No. 1:05-cv-0769, 2006 WL 784796, at *2 (S.D. W. Va. Jan. 25, 2006).

The stipulation here does not meet the standard articulated in *McCoy* because it was not filed contemporaneously with the complaint and it is not notarized. 147 F. Supp. 2d at 485. Accordingly, the stipulation alone does not limit the amount in controversy and divest the court of jurisdiction. However, the absence of an effective stipulation is not fatal to the plaintiff's claim. The defendant must establish by a preponderance of the evidence that the amount in controversy exceeds $75,000.

To determine whether the defendant has done so, I look to its Notice of Removal. The defendant recognized that the number of violations of the WVCCPA is unclear from the complaint. However, the defendant argued that only a limited number of violations are necessary to meet the jurisdictional threshold because each violation may be assessed a civil penalty of up to nearly $4,600. (Notice of Removal [Docket 1], at 5.) The defendant also pointed out that the plaintiff seeks recovery of attorney's fees, and that the plaintiff's attorney will seek to recover between $200 and $300 an hour. These fees, according to the defendant, add significantly to the amount in controversy. Finally, the defendant notes that the plaintiff seeks injunctive relief prohibiting BB&T from collecting on the plaintiff's account, which upon BB&T's information and belief, is valued at $11,377.88.

The court recognizes that to seek over $75,000, the plaintiff need not prove many violations of the WVCCPA. However, to determine whether the plaintiff will seek to show one violation or one hundred violations of the WVCCPA, the court would be engaging in pure speculation. And although the parties' agreement and the plaintiff's stipulation are not binding on the court, together they strongly suggest that the amount sought by the plaintiff does not exceed $75,000. Accordingly, I **GRANT** the plaintiff's motion to remand and **ORDER** that this case be **REMANDED** to the Circuit Court of Raleigh County, West Virginia.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

                                          ENTER:     April 26, 2012

*[Signature: Joseph R. Goodwin]*

Joseph R. Goodwin, Chief Judge